# Derry Township Road.

*Road law—Termini—Turnpike road—Necessity for road.*

A turnpike road is a public highway constructed by virtue of public authority and for public purposes.

A point in a turnpike road maintained by a duly incorporated company, may lawfully be made the terminus of a public road.

The mere fact that the net revenues of a turnpike company may be reduced by the opening of a new public road, because of the expense involved by the necessity of maintaining a new toll gate, does not present a

conclusive bar to the right of the public to open such new highways, as the changes in public travel may render necessary.

In order to justify a reversal of an order of the court below opening a new road, an abuse of discretion must be clearly shown.

Argued March 15, 1906.    Appeal, No. 20, March T., 1906, by Lewistown & Kishacoquillas Turnpike Company, from order of Q. S. Mifflin Co., opening a new road In re Derry Township.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ.    Affirmed.

Exceptions to report of viewers.    Before SAVIDGE, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court. ·

*W. H. Sponsler*, with him *T. M. Uttley & Son*, for appellant. —A turnpike is not a lawful terminus for a public road : In re Penn's Valley Road, 4 Yeates, 514; In re Matthew Miller's Road, 9 S. & R. 35 ; Frankford Twp. Road, 24 Pa. C. C. Rep. 649 ; In re Hellam Twp. Road, 9 York, 151; In re London Britain Road, 1 Chester Co. Rep. 396 ; West Pikeland Road, 63 Pa. 471; Lower Merion Twp., 22 Pa. C. C. Rep. 645 ; Jefferson Twp. Road, 2 W. N. C. 138; Detroit v. Detroit, etc., R. R. Co., 43 Mich. 140 (5 N. W. Repr. 275).

There was want of authority in the quarter sessions to decree this road: Packer v. Sunbury & Erie R. R. Co., 19 Pa. 211 ; Penna. R. R. Co.'s Appeal, 93 Pa. 150 ; Lewis v. Germantown, etc., R. R. Co., 16 Phila. 621 ; Pittsburg Junction R. R. Co.'s Appeal, 122 Pa. 511, and in Perry County R. R. Extension Co. v. N. & S. V. R. R. Co., 150 Pa. 193 ; Newburgh, etc., Turnpike Road Co. v. Miller, 5 Johns. Ch. 101; Nashville Bridge Co. v. Shelby, 18 Tenn. 279 ; Franklin, etc., Turnpike Co. v. County Court of Maury, 27 Tenn. 342; Auburn, etc., Plank Road Co. v. Douglass, 12 Barb. 553; White's Creek Turnpike Co. v. Davidson County, 3 Tenn. Ch. 396; Great Bend Road, 2 Pa. C. C. Rep. 335.

*Rufus C. Elder*, with him *A. Reed Hayes*, for appellee.—A turnpike is a public highway : Turnpike Co. v. Brown, 2 P. & W. 462 ; Lancaster Turnpike Co. v. Rogers, 2 Pa. 114 ; North-

ern Cent. Ry. Co. v. Com., 90 Pa. 300; Pittsburg, etc., R. R. Co. v. Com., 104 Pa. 583; Geiger v. Turnpike Road Co., 167 Pa. 582; Turnpike Co. v. Davidson County, 91 Tenn. 291 (18 S. W. Repr. 626).

The court had authority to decree this road : Newburgh, etc., Turnpike Road Co. v. Miller, 5 Johns. Ch. 101; Hydes Ferry Turnpike Co. v. Davidson County, 91 Tenn. 291 (18 S. W. Repr. 626) ; Clarksville, etc., Turnpike Co. v. Clarksville, 36 S. W. Repr. 979; Auburn, etc., Plank Road Co. v. Douglass, 9 N. Y. 444; Greene Twp. Road, 21 Pa. Superior Ct. 418.

OPINION BY PORTER, J., April 23, 1906 :

The appellants excepted to the report of viewers in the court below upon two grounds, to-wit : (1) One terminus of the proposed road was at a point in the roadbed of the turnpike owned by the appellant company, and between two toll gates of the company as now located ; (2) the proposed public road is in violation of the franchise and injurious to the property of the appellant turnpike company, in that it contemplates the use of a portion of said turnpike road, by the public, without the payment of tolls. The court below overruled the exceptions, confirmed the report of reviewers, and decreed that the road be opened. The turnpike company appeals from that decree.

The learned counsel representing the appellant has argued with great earnestness that a point in a turnpike road, maintained by a duly incorporated company, cannot lawfully be made the terminus of a public road ; that each terminus of a public road must be either another public road or a place of necessary public resort, and that a turnpike is not, for this purpose, a public highway. That a turnpike is a public highway, constructed by virtue of public authority and for public purposes, must be accepted as definitely settled in Pennsylvania. The road is for the use of every person desiring to pass over it on payment of the toll established by law ; and those who obstruct it are liable to indictment as for a public nuisance. The company which constructs the road has the franchise to collect the tolls authorized by law, but if the charter of the company is forfeited, or the corporation abandons the road, the road continues to be a public highway : Turnpike Company v. Brown, 2 P. & W. 462; Lancaster Turnpike Company v. Rogers, 2 Pa.

114; Northern Central Railway Co. v. Commonwealth, 90 Pa. 300. The corporation was the agent of the state for the pur-. pose of constructing the road, the road is a part of the system of public highways of the commonwealth, and the court below had jurisdiction to add to that system a new road connecting the turnpike with another public highway.

The court below was vested with discretion to determine the necessity of the proposed road for the convenience of the public, and in order to justify a reversal of the decision of that question an abuse of discretion must be clearly shown. When the points at which a turnpike company may maintain toll gates are fixed by law, a proposed road which merely led around the toll gate, having both its termini in the turnpike, might be so manifestly intended for the sole purpose of enabling the public to avoid the payment of toll, while still continuing to use the turnpike practically in its entirety, as to leave no ground for the exercise of discretion. We find nothing of that kind in the present case; the appellant company is at liberty to locate its gates at any point upon the line of its road, and the proposed road leads from the turnpike to another public road at a considerable distance, and will shorten the way of public travel and avoid two railroad crossings. The appellant company enjoys no exclusive privilege to construct roads in Mifflin county, and has no right to prevent the public from opening other roads to meet the public needs. The mere fact that the net revenues of the appellant company may be reduced by the opening of the proposed road, because of the expense involved by the necessity of maintaining a new toll gate, does not present a conclusive bar to the right of the public to open such new highways as the changes in public travel may have rendered necessary. The appellant holds its franchise subject to that risk: Charles River Bridge v. Warren Bridge, 36 U. S. 420; Hydes - Ferry Turnpike Company v. Davidson County, 91 Tennessee, 291 (18 S. W. Repr. 626).

The order of the court below is affirmed.